FILED
SUPERIOR COURT
OF GUAM

2023 MAR 20 PM 5: 19

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | Criminal Case No. CF0631-22 |
| | GPD Report No. 22-25818 |
| v. | |
| | **DECISION AND ORDER** |
| **DEVON MIKALE ESCALERA GARRIDO,** | **GRANTING DEFENDANT'S MOTION** |
| DOB: 02/18/2000 | **TO EXTEND TIME TO FILE MOTIONS** |
| | **AND OTHER DATES** |
| Defendant. | **IN TRIAL SCHEDULE ORDER** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 15, 2023 for hearing on Devon Mikale Escalera Garrido's ("Defendant's") Motion to Extend Time to File Motions and Other Dates in Trial Scheduling Order ("Motion"). Assistant Attorney General Yusuke Haffeman-Udagawa represents the People of Guam ("the People"), and Attorney William Brennan represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** Defendant's Motion.

## BACKGROUND

Defendant stands indicted on charges of Terrorizing (as a 3rd Degree Felony), Strangulation (as a 3rd Degree Felony), and Family Violence (as a 3rd Degree Felony). Trial dates were set for March 27, 2023, with a motion cutoff date on February 24, 2023. See C.R. 1.1 Form 1 Trial Schedule Order (Nov. 22, 2022).

On February 24, 2023, Defendant filed his Motion to Extend Time to File Motions and Other Dates in Trial Scheduling Order. Defendant requests extending the filing deadline for motions and trial documents so that the parties can engage in meaningful plea negotiations. See Motion at 2 (Feb. 24, 2023). Defendant believes the extra time is justified because several pieces of exculpatory

Decision and Order Granting Defendant's Motion
to Extend Time to File Motions and Other Dates in Trial Schedule Order
CF0631-22, *People of Guam v. Devon Mikale Escalera Garrido*
Page 1 of 3

information, such as the alleged victim's request to drop all charged against him, were only recently revealed. Id. at 2.

The Court held a hearing on March 15, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I.    Legal Standard to Grant Continuance:**

Under Guam law, "no continuance of trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance." See 8 G.C.A. § 80.50.

When analyzing requests for a continuance, Courts consider the following four critical factors: (1) "the moving party's diligence in preparing for trial", (2) "the likely utility of a continuance", (3) "the inconvenience to the court and the opposing party", and (4) "prejudice resulting from a denial." See *People v. Blas*, 2016 Guam 19 ¶ 26

**II.    After evaluating the four factors adopted in *Blas*, Defendant's requested continuance is required by "the ends of justice."**

Considering *Blas* factor one, there is no indication that Defendant or his counsel have not diligently prepared for the original trail date of March 27, 2023. As indicated in his Motion, Defendant is requesting a continuance only because new exculpatory evidence was revealed and not because Defendant had not readily prepared for the original scheduled trial date. See Motion at 2 (Feb. 24, 2023).

Looking at *Blas* factor two, a continuance would likely serve utility because extra time would allow the parties to better analyze the exculpatory evidence against Defendant, and hopefully negotiate a fair plea deal. Additional time is also in the alleged victim's best interest, as she appears interested in resolving the matter without trial.

Looking at *Blas* factor three, granting the continuance would not inconvenience the court, expected witnesses, or the People. A continuance would allow the Court to dedicate resources to other asserted matters. The People have not presented any evidence that expected witnesses are unable to testify at a later trial date. A continuance would also give the People

Decision and Order Granting Defendant's Motion
to Extend Time to File Motions and Other Dates in Trial Schedule Order
CF0631-22, *People of Guam v. Devon Mikale Escalera Garrido*
Page **2** of 3

more time to analyze the evidence in this case and to negotiate a plea deal, while reducing the chances this case advances all the way to a jury trial.

Considering *Blas* factor four, Defendant would also be prejudiced should his Motion be denied. The revelation of exculpatory evidence should incentivize both the People and Defendant to engage in meaningful plea negotiations. Rushing to trial next week would hinder ongoing plea negotiations and harm Defendant's chance of negotiating a plea deal he feels comfortable with.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Defendant's Motion.

**IT IS SO ORDERED** this March 20, 2023.



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Granting Defendant's Motion
to Extend Time to File Motions and Other Dates in Trial Schedule Order
CF0631-22, *People of Guam v. Devon Mikale Escalera Garrido*
Page **3** of **3**